SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6816
   Facsimile: (4150 436-6748
   stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE FARIAS HERNANDEZ, ) | No. C 07-05501 MEJ |
|    Plaintiff, ) | |
| v. ) | ANSWER TO COMPLAINT SEEKING DECLARATORY AND INJUNCTIVE RELIEF |
| UNITED STATES OF AMERICA, U.S. ) DEPARTMENT OF JUSTICE, DRUG ) ENFORCEMENT ADMINISTRATION ) (DEA), ) | |
|    Defendants. ) | |

     Defendants United of America, U.S. Department of Justice and Drug Enforcement Administration (collectively "Defendants") answers the Complaint for Declaratory and Injunctive Relief (hereinafter "complaint") as follows:

     The section of the complaint entitled Preliminary Statement/Relief Requested purports to be statements of the law to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, they are denied.

     The section of the complaint entitled Injunctive Relief Requested purports to be statements of the law to which no response is required. To the extent this paragraph is deemed to

contain allegations of material fact, they are denied.

1.  Defendants admit this is an action seeking equitable relief. The remainder of this paragraph purports to be statements of law to which no response is required.

2.  Defendants admit that this is an action seeking declaratory and injunctive relief. Defendants deny that the existence of an adequate remedy at law permits this Court to grant the equitable relief requested in this action. The remainder of this paragraph purports to be statements of law to which no response is required .

3.  Defendants deny that venue is proper in the Northern District of California. Defendants admit that the seizure of money to which plaintiff asserts a claim took place in Elko, Nevada, and thus venue is proper in the District of Nevada. Defendants also admit that DEA has an office in San Francisco, however, the money was never transferred there and remains in Nevada. Defendants are without sufficient facts to admit or deny the remaining allegations contained in this paragraph and on that basis deny said remaining claims.

4.  Admitted.

5.  Admitted.

6.  Denied.

7.  Denied.

8.  Defendants admit that damages are not requested in this action. Defendants are without sufficient facts to admit or deny the remaining allegations contained in this paragraph and on that basis deny said remaining claims.

9.  Defendants deny that the State of Nevada was acting on Defendants' behalf at all times mentioned in said complaint. Defendants admit that Defendants were acting within the course and scope of their agencies. Defendants are without sufficient information to admit or deny the remaining allegations contained in this paragraph and on that basis deny said claims.

10. Denied.

11. Denied.

12. Defendants admit that on October 4, 2007, plaintiff was detained by the Nevada

Highway Patrol for speeding. Defendants further admit that at the time of the detention, plaintiff, who was driving the vehicle, did not have a driver's license, but did have a Mexican identification card in his possession. Defendants further admit that officers searched plaintiff's car and two suitcases contained within the car pursuant to plaintiff's consent. Defendants deny that the money was found within one suitcase, rather it was found in both suitcases. Defendants admit that the money was logged into evidence at the Nevada Highway Patrol in Elko, Nevada.

13. Defendants admit that the money was subsequently transferred to the Drug Enforcement Administration in Nevada. All remaining allegations in this paragraph are denied.

14. Denied.

15. Defendants are without sufficient information to admit or deny the allegations contained in this paragraph and on that basis deny said claims.

16. Paragraph 16 of the complaint consists of three paragraphs. These paragraphs purport to be a statement of law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

17. This paragraph purports to be a statement of law to which no response is required. To the extent any facts are pled in this paragraph, those facts are denied.

18. Denied.

19. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

20. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

21. Defendants deny that the forfeiture statues are unconstitutionally vague or an overbroad regulation. All remaining allegations in this paragraph are denied.

22. Denied.

23. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

24. Denied.

25. Denied.

26. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, in particular that Congress failed to provide minimal guidelines in enacting the statute, those facts are denied.

27. Denied.

28. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

29. Denied.

30. Denied.

31. Denied; the forfeiture laws do not violate the Equal Protection Clause.

32. Denied; the forfeiture laws do not violate the United States Constitution.

33. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

34. Denied.

35. There is no paragraph 35.

36 (1 of 2 paragraphs #36). Denied, in that the seizure of the money is not unconstitutional.

36 (2 of 2 paragraphs #36). Denied, in that the seizure of the money is not a violation of an unlawful taking of property without compensation under the Fifth Amendment of the United States Constitution.

37. Denied as to the first sentence of this paragraph. The remaining sentence of this paragraph purports to be a statement of law to which no response is required. To the extent any facts are pled in this paragraph, those facts are denied.

38. Defendants admit that the money was initially seized by the Nevada Highway Patrol and is currently in the custody of the United States. The remaining sentences in this paragraph purports to be a statement of law to which no response is required. To the extent any facts are pled in this paragraph, those facts are denied.

39. Denied.

40. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

41. Defendants admit that the seized cash has been deposited in the seized asset deposit fund. All remaining allegations in this paragraph are denied.

42. Denied.

43. The first sentence of this paragraph purports to be a statement of the law to which no response is required. Defendants admit that the seized currency is now in possession of the United States. All remaining allegations in this paragraph are denied.

44. Denied.

45. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

46. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

47. This paragraph purports to be a statement of the law to which no response is required. To the extent any facts are pled in these paragraphs, those facts are denied.

48. Denied.

49. Denied.

50-60. The section of the Complaint entitled "Prayer for Relief" set forth in paragraphs 50-60 contains plaintiff's prayer for relief to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, they are denied.

All allegations not specifically responded to above are denied.

AND FURTHER answering, Defendants aver:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by res judicata and collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims alleged in the complaint fail because Plaintiff willfully violated the statutes, regulations and controlling law applicable to the seizure and forfeiture of the seized currency.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint fail because Defendants did not violate any constitutional right of the Plaintiff or any other applicable provision of federal law applicable.

### FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint fail because the Defendants acted at all times within their authority to investigate whether Plaintiff violated the statutes, regulations and controlling law applicable to the seizure and forfeiture of the seized currency.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The district court in the Northern District of California lacks subject matter jurisdiction to consider and adjudicate the claims alleged in the complaint for declaratory and injunctive relief.

### NINTH AFFIRMATIVE DEFENSE

The district court in the Northern District of California lacks venue to consider and adjudicate the claims alleged in the complaint for declaratory and injunctive relief.

### TENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred because plaintiff is not an innocent owner of the seized currency.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred because plaintiff lacks standing to raise said claims.

### TWELFTH AFFIRMATIVE DEFENSE

The district court in the Northern District of California lacks jurisdiction to consider and adjudicate the claims alleged in the complaint for declaratory and injunctive relief because plaintiff has an adequate remedy at law.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred because plaintiff cannot demonstrate any irreparable harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims in the complaint are barred because the seized cash is subject to forfeiture and the forfeiture laws are constitutional.

//

//

**WHEREFORE**, having fully answered all counts of the Complaint, Defendants pray that Plaintiffs take nothing by way of the Complaint, that the same be dismissed, and that judgment be awarded in favor of the Defendants, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: December 31, 2007

_____
STEPHANIE M. HINDS
Assistant United States Attorney

ANSWER TO COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF
[C 07-05501 MEJ]                                                                                      8