JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH(CSBN 163973)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6816
  Fax: (415) 436-6748
  E-mail:  stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE FARIAS HERNANDEZ, )<br>)<br>            Plaintiff, )<br>)<br>    v.                        )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>            Defendant. )<br>_____ ) | **No. C07-05501 MEJ**<br><br>**UNITED STATES' SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 21, 2008<br>Time: 10:00 a.m.<br>Place: Honorable Maria Elena James, 15th Floor |

        Pursuant to FRCP 26(f) and Local Rules 16-8 and 16-9, Defendant United States of America

submits this statement as a separate status conference statement.  This statement is intended to

supplement the statement previously filed by Plaintiff Jose Farias Hernandez on February 2, 2008.  Since

counsel for Plaintiff is currently out of town, the parties were not able to file a joint statement, but were

able to discuss various issues raised in plaintiff's prior statement and reflected in this statement via

emails.  Undersigned government counsel advised Plaintiff's counsel that it would file a supplemental

statement regarding these issues.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.  Jurisdiction and Service**

The government filed a timely Answer on December 31, 2007.  In its Answer, the government disputes that this Court has jurisdiction to hear these claims.  The government further believes that venue is improper in the Northern District of California.

**2.  Facts–United States' Position**

Plaintiff's injunctive action should be dismissed because he has an adequate remedy at law pending in the District of Nevada.  Plaintiff seeks to enjoin the DEA from administratively forfeiting $324,000 seized from plaintiff during a traffic stop conducted by the Nevada Highway Patrol in Elko , Nevada, on October 4, 2007.  The funds were contained in two suitcases in the cargo area of a rental vehicle driven by plaintiff.  The money was bundled together in various stacks with rubber bands.  The denomination of the bills  were as follows:  14,575 $20 bills, 236 $50 bills and 208 $100 bills.   A drug canine positively alerted on the suitcases that contained the funds.  Plaintiff initial denied any knowledge of the funds; he later changed his story and claimed that the money came from the sale of property in Mexico.  Plaintiff could not recall the location of the property or the name of the purchaser.   The money was seized as suspected drug proceeds and subject to forfeiture under 21 U.S.C. 881(a)(6).

On February 11, 2008, the United States Attorneys Office for the District of Nevada filed a civil forfeiture against the seized funds.  The pending forfeiture action thus provides plaintiff with an adequate legal remedy to address the claims he seeks to remedy in the equitable action currently pending in this district.  Moreover, all of the evidence relating to plaintiff's action here, and the forfeiture case, is entirely within the District of Nevada.  Accordingly, plaintiff's civil action in this district should be dismissed forthwith.

**3.  Legal Issues**

(1) Whether the $324,100 in seized currency is drug proceeds and thus subject to forfeiture under Title 21, United States Code, Section 881(a)(6); (2) Whether the filing of the civil forfeiture action in the District of Nevada affords Plaintiff with an adequate remedy at law ; (3) Whether this equitable action should be dismissed since the filed civil forfeiture action provides Plaintiff with an adequate remedy at law to address his claims.

**4.  Motions**

The government intends to move to dismiss the injunctive complaint.  Alternatively, the government will seek to transfer the matter to the District of Nevada since the seized property is located there, the witnesses supporting the forfeiture of the property are located there, and all the documentary evidence related to the forfeiture is located there.  In the interest of consolidating judicial resources, the action should be transferred to the District of Nevada.  In addition, the Court should stay all discovery in this action; the proper forum for discovery is in the context of the civil forfeiture action currently pending in the District of Nevada.

**5.  Amended Pleadings**

At this time, the government does not anticipate the filing of any amended pleadings.

**6.  Evidence Preservation**

All evidence, including witnesses,  related to the forfeitability of the seized currency is in Nevada.  The United States Attorneys' Office for the District of Nevada has filed a civil forfeiture action related to the seized funds.

**7.  Disclosures**

This action stems from a civil forfeiture action, initially administratively by the DEA and now as a judicial forfeiture action in the District of Nevada.  Pursuant to Rule 26(a)(1)(B)(ii), civil forfeiture actions are exempt from initial disclosures.

**8.  Discovery**

Plaintiff has propounded interrogatories, document requests and request for admissions on the government all seeking information related to the seizure and forfeitability of seized funds.  The government believes that plaintiff's discovery request

**9.  Class Action**

This is not a class action case.

**10.  Related Cases**:

On February 11, 2008, a civil judicial forfeiture action was filed in the District of Nevada – *United States. v. $324,100.00 in United States Currency*, 3:08-cv-00071.  The civil forfeiture embodies the same legal and factual issues in dispute in this action.  The civil forfeiture action was brought in the District of

Nevada because the defendant property was seized there, the witnesses are there, and all the documentary evidence supporting the forfeiture are in that district.  The forfeiture action provides the Plaintiff with an adequate remedy at law to address his claims in this action.  *United States v. U.S. Currency, $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) (recognizing that "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation")

The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention.  Before a court imposes equitable relief, it must find there to be no adequate legal remedy available. *United States v. Ribadeneira*, 920 F.Supp. 553, 556 (S.D.N.Y 1996); *United States v. Elias*, 921 F.2d 870, 872-73 (9th Cir. 1990) (district court should not exercise equitable jurisdiction to safeguard the rights of the claimant, when he can appropriately assert his rights in the course of the judicial forfeiture action).

**11.  Relief**

This is not a damages case.

**12.  ADR**

The parties have discussed ADR in this action and are not in agreement.  Plaintiff has recommended mediation; while the defendant believes that ADR is not suitable at this time.  Given the pendency of the forfeiture action in the District of Nevada, the government does not believe that this action is suitable for ADR.  The government would defer to the ADR procedures selected, if any, by the United States' Attorneys Office in the District of Nevada in the pending forfeiture action.

**13.  Consent to Magistrate Judge for All Purposes**

The government consents to a Magistrate Judge in this action.

**14.  Narrowing of Issues**

The government believes that the parties can address the legal issues of jurisdiction and venue before the parties address any factual disputes.

**15.  Expedited Schedule**

The government disputes that this action is ripe for immediate resolution.  Indeed, since there is now a civil judicial forfeiture action pending in the District of Nevada, the Court must decline to exercise

1  its equitable jurisdiction because the forfeiture action provides Plaintiff with an adequate remedy at law

2  to address his claims.

3      **16. Scheduling**

4      The government does not agree to the proposed trial schedule outlined in Plaintiff's prior case

5  management due in part to a conflict in government's counsel own trial schedule and also due to the fact

6  that a civil forfeiture action related to the seized currency is now pending in the District of Nevada.

7  Rather, the government suggests that a motion hearing date be set as the government intends to move

8  dismiss this action and/or transfer venue to the District of Nevada.

9      **17. Trial**

10      Plaintiff has requested a jury trial in this matter.

11      **18. Other Matters:**

12      The United States is unaware of any other matters that would be helpful to the Court.

13

14  Dated: 2/13/08                           Respectfully submitted,

15                                           JOSEPH P. RUSSONIELLO
                                             United States Attorney

16

17                                           _____/S/_____

18                                           STEPHANIE M. HINDS
                                             Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28