1  Martin James Martinez
   California State Bar Number 97718
2  Martinez Law Office
   1434 Third Street
3  Suite 3 C
   Napa, CA 94559
4  707-251-9383
   Fax:707-251-9386
5  e:mail: attymary@sbcglgobal.net

6  Attorney for Plaintiff,
   Jose Farias Hernandez
7

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JOSE FARIAS HERNANDEZ, | ) Case Number: C 07- 05501 MEJ |
| | ) Plaintiff's Case Management |
| Plaintiff, | ) Supplemental Conference Statement |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) Case management date: 2/21/08 |
| DRUG ENFORCEMENT ADMINISTRATION | ) Time: 10: A.M. |
| (DEA) | ) |
| Defendant | ) The Honorable Maria Elena James |
| | ) |

The plaintiff hereby files this supplemental statement in regard to the upcoming case management conference. The plaintiff is in accord with the position of the government in which the government states the plaintiff advised the agents that the money came from a sale of property in Mexico. The actual escrow documents of the property sales have been turned over the government via the initial disclosures. The plaintiff is also in agreement with the government position that this is not a damages cases.

The plaintiff is not in accord with the government position that there is an adequate legal remedy. Here, the plaintiff seeks an equitable ruling from this court that the federal forfeiture action as applied to him is unconstitutionally vague and overbroad. Declaratory relief via 28

**S**upplemental Case Management Statement

U.S.C. 2201, and 2202 is appropriate in as much it will terminate the controversy giving rise to the forfeiture proceedings.

Further, a legal remedy is inadequate in as much as he seek relief to the de facto discriminatory effects of the statute as applied to Mexican Nationals in violation of the Vienna Convention. The status quo to be maintained by equitable relief is the prevention of the above mentioned areas

The plaintiff is not in accord with the government position that the seized currency was the subject of illicit drug proceeds. The fact a canine search alerted the agents to the brief cases is not relevant. Unfortunately, currency from Mexico many times, is tainted with drug residue. The dog alert at best, tells a trier of fact that the seized money as in most currency in commerce, carries residue of narcotics. Unless the government can prove that the chain of custody was never broken, it is impossible to prove that the currency was drug related. Dog alerts to the smell of narcotics on currency has been called into question of late. See: ***United States v. $506,231.*** at 125 F.3d 442 (1997)

The government on the facts presented, will not be able to establish probable cause for the belief that a substantial connection exists between the property to be forfeited and a criminal activity defined by statute. See: ***United States v. $4, 255, 625.39*** at 762 F.2d 895. Carrying a large amount of cash does not alone satisfy the government's burden to show probable cause. See: ***U.S. v. $121,100.00*** in 999 F. 2d at page 1506.

Procedurally, the plaintiff intends to object to any stay on discovery and will move for a motion to compel the discovery. In addition, he will seek a ruling from this court transferring the forfeiture action in Nevada to this court, and consolidating the two cases. The plaintiff is not in accord with the government's position that all the evidence is in Nevada. Under the doctrine of tracing, if part of the funds that initially secured the property in Mexico, were obtained in the Northern District of California, the actual res was generated in the Northern District of California. Witnesses who reside in this jurisdiction will be needed to testify. The number of expert and lay witnesses, along with investigators, all reside in the Northern District of

**S**upplemental *Case Management Statement*

2

1  California.

2      The approach taken in most federal court cases is to consider a litigant's residence in the
3  forum state "a fact of 'high significance' " which helps to weight the balance of convenience in
4  his favor. (*Koster v. Lumbermens Mutual Co.*, 330 U.S. 518, 525. Under the federal approach
5  the local litigant will "not be deprived of the presumed advantages of his home jurisdiction
6  except upon a clear showing of facts which either:
7      (1) Establish such oppressiveness and vexation to a defendant as to be out of all
8  proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or
9      (2) Make trial in the chosen forum inappropriate because of considerations affecting the
10 court's own administrative and legal problems." (*Koster v. Lumbermens Mutual Co.*, supra, 330
11 U.S. 518, 524
12     Therefore, pursuant to the holding of *Koster* which involved a plaintiff who chose to sue
13 in his home forum,   much like the plaintiffs in this case, the plaintiff can rightfully set forth the
14 proper forum.  A plaintiff who sues in his home forum is entitled to keep the case in that forum
15 unless defendant can establish such "oppressiveness and vexation" as to outweigh plaintiff's
16 convenience.   Assuming for argument purposes, that  the government is correct, the proposition
17 that a court having jurisdiction must exercise it, is not universally true. *Canada Malting Co.,*
18 *Ltd. v. Paterson Steamships, Ltd.* (1932) 285 U.S. 413, 422. A principal reason for the Nevada
19 court to not exercise jurisdiction, as recognized by state and federal courts, is that the forum is
20 not convenient. This doctrine, Latinized in the rubric "forum non conveniens," has a long history.
21 (See *Piper Aircraft Co. v. Reyno* (1981) 454 U.S. 235, 248.
22     Here, the plaintiff  a Mexican National,  has direct family ties to Napa County. These ties
23 include his immediate family. It is perceived that they would bear witness to his claims. He has
24 no ties whatsoever to the Nevada District.  He was merely passing through the state of Nevada.
25 Thus, the matter should be heard in the Northern District of California. The  plaintiff enjoys
26 some degree of deference for his original choice of forum. The doctrine of forum non conveniens
27 authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue,
28

*S*upplemental *Case Management Statement*

1  where it appears that the convenience of the parties and the court, and the interests of justice
2  indicate that the action should be tried in another forum. ***Sibaja v. Dow Chem. Co.,*** 757 F.2d
3  1215, 1218 (11th Cir. 1985).
4      Moreover, if the plaintiff's case is moved to Nevada,   he is in essence being deprived his
5  counsel of choice.   His present counsel is licensed in New York and California. If the case is
6  transferred to Nevada, then the plaintiff would be forced to seek a Nevada Lawyer.   Moreover, if
7  the government seeks to file criminal charges, the plaintiff will seek an order for the release of
8  funds to retain his counsel, who is presently retained on the civil forfeiture. However, if  the case
9  is sent to Nevada,  he will be forced to proceed with counsel he has not chosen.
10      In addition, the plaintiff is not in accord with the government position on trial scheduling.
11 The longer his funds are tied up,   the more that a irreparable harm will be caused.  In state court,
12 a plaintiff is entitled to priority in the court calendar for equitable relief. The plaintiff in a federal
13 case, should be entitled to the same.  If the case proceeds in the manner that the government is
14 seeking, there will be irreparable due to the delay in the release of funds.

17 Dated: 02/18/08                              By: (s) Martin James Martinez
18                                                 _____
                                                       Attorney for Plaintiff

**S**upplemental Case Management Statement

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Supplemental Case Management Statement*