JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
Fax: (415) 436-6748
E-mail: david.countryman@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE FARIAS HERNANDEZ,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION (DEA)<br><br>    Defendants. | **No. C07-05501 MEJ**<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS<br><br>Date: June 5, 2008<br>Time: 10:00 a.m.<br>Place: Honorable Maria Elena James, 15th Floor |

### NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT ON** June 5, 2008, or as soon thereafter as the matter may be heard in the courtroom of the Honorable Maria Elena James, Courtroom B, 15th Floor of the U.S. Courthouse located at 450 Golden Gate Ave., San Francisco, CA, Defendants United States of America, U.S. Department of Justice, and Drug Enforcement Administration (collectively "Defendants") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12, for an order dismissing this action for lack of subject matter jurisdiction. In the alternative, Defendants move for an order, pursuant to 28 U.S.C. § 1404(a), for a transfer of

1  venue to the District of Nevada.

2  This Motion is based on this Notice of Motion, the following Memorandum of Points and

3  Authorities, and all of the papers and records on file in this action and in *United States v.*

4  *$324,100.00 in United States Currency*, Nevada Civil No. 08-00071.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.  BECAUSE THE PENDING JUDICIAL FORFEITURE ACTION IN NEVADA PROVIDES AN ADEQUATE REMEDY AT LAW FOR PLAINTIFF TO CHALLENGE ANY ALLEGED CONSTITUTIONAL VIOLATIONS, THIS COURT SHOULD DECLINE TO EXERCISE EQUITABLE JURISDICTION**

The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint.  *See United States v. Kama,* 394 F.3d 1236, 1237-38 (9th Cir. 2005)*; Ramsden v. United States,* 2 F.3d 322, 323 (9th Cir. 1993).  In particular, with regard to claims for the return of property, "when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant" because, "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any [constitutional] violation." *United States v. U.S. Currency, $ 83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988); *United States v. Elias*, 921 F.2d 870, 872-73 (9th Cir. 1990) (district court should not exercise equitable jurisdiction to safeguard the rights of the claimant, when he can appropriately assert his rights in the course of the judicial forfeiture action).

Plaintiff is aware of and participating in the civil forfeiture proceeding in the District of Nevada.  *See United States v. $324,100.00 in United States Currency*, Nevada Civil No. 08-00071.  As such, Plaintiff has not demonstrated and cannot demonstrate that the pending civil forfeiture action does not provide him with an adequate remedy at law to address his claim to the seized funds or any alleged constitutional violations.  Accordingly, the court should decline to exercise equitable jurisdiction.

**B.  BECAUSE CANNOT SHOW THE INADEQUACY OF LEGAL REMEDIES AND HAS NOT ALLEGED IRREPARABLE INJURY, THIS COURT SHOULD DECLINE EQUITABLE JURISDICTION.**

It goes without saying that an injunction is an equitable remedy. ...  An injunction should issue only where the intervention of a court of equity is essential in order

effectually to protect property rights against injuries otherwise irremediable. The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.

*Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 fn. 1 (9th Cir. 1982) *citing Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982) *internal citations omitted*.

As discussed above, Plaintiff has not demonstrated and cannot demonstrate that the pending civil forfeiture action does not provide him with an adequate remedy at law. This alone precludes injunctive relief. Additionally, Plaintiff has not alleged irreparable injury. This too bars injunctive relief. Accordingly, the court should decline to exercise equitable jurisdiction.

**C. ALTERNATIVELY, THIS COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF NEVADA.**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985). Pursuant to 28 U.S.C. § 1395(a) "[a] civil proceeding for the recovery of a ... forfeiture may be prosecuted in the district where it accrues or the defendant is found." Here, because the forfeiture occurred in the State of Nevada, the District of Nevada is a venue where the action might have been brought under 28 U.S.C. § 1395.

In determining whether transfer is appropriate, courts have considered the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) access to compulsory process of third party witnesses; (5) ease of access to sources of proof; (6) local interest in the controversy; (7) familiarity of each forum with the applicable law; and (8) relative court congestion in each forum. *See Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986). As described below, five of these factors weigh in favor of transfer, two factors weigh

slightly in favor of the plaintiff, and one factor is neutral.

### 1.     Plaintiff's Choice of Forum.

"If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pacific Car and Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968), footnote omitted.  In this case, the seizure at issue occurred in Nevada and the case the Plaintiff seeks to enjoin is pending in Nevada.  In fact, Plaintiff has alleged no link between the alleged acts and the Northern District, only that he traveled to Napa County after the seizure took place in Elko, Nevada.  This factor should not weigh heavily in the analysis.

### 2.     The Convenience of the Parties.

Plaintiff has not claimed residence in the Northern District of California, and his only stated connection to this district is that only that he traveled to Napa County after the seizure took place in Elko, Nevada.  Moreover, while Defendants have offices in both the Northern District and in Nevada, the fiction of naming the government and its agencies does not take away from the fact that plaintiff is accusing DEA agents and the Nevada Highway Patrol of illegal acts. Accordingly, the Nevada DEA agents and the Nevada Highway Patrol officers should be considered parties for venue purposes. For this reason, the convenience of the parties favors transfer of this case to Nevada.

### 3.     Convenience of the Witnesses.

The Nevada Highway Patrol officers, Elko Police officers, and Elko County Sheriff's deputies reside and work in the District of Nevada. Plaintiff was not identified any witnesses that reside in the Northern District of California, and his only stated connection to this district is that he traveled to Napa County after the seizure took place in Elko, Nevada.  This factor weighs in favor of transfer to the District of Nevada.

### 4.     Access to Compulsory Process of Third Party Witnesses.

Because the seizure and forfeiture occurred in Elko, Nevada, and plaintiff has not identified any witnesses residing in the Northern District of California, it is likely that any third-party witnesses as to the legality of the seizure or forfeiture will be located in Nevada.  For this

reason, access to compulsory process of third party witnesses weighs in favor of transfer of this case to the District of Nevada.

### 5. Ease of Access to Sources of Proof.

As noted above, the currency at issue, police reports, and forfeiture case files relevant to this case are maintained in Nevada. This factor weighs in favor of transfer of this case to the District of Nevada.

### 6. Local Interest in the Controversy.

As a general rule, the preferred forum for litigating cases is that which is the center of the accused activity. *S. C. Johnson & Son v. Gillette Co.*, 571 F.Supp. 1185, 1187-88 (N.D. Ill. 1983); *AMP Incorporated v. Burndy of Midwest, Inc.*, 340 F.Supp. 21, 24 (N.D. Ill. 1971). The trier of fact ought to be as close as possible to the milieu of the hub of activity centered around the alleged wrongdoing. *S. C. Johnson*, 571 F.Supp. at 1188; *AMP Inc.,* 340 F.Supp. at 25. Here, the activity in this case occurred in Nevada. Moreover, plaintiff has requested injunctive relief the effect of which, if granted, would be felt most significantly in Nevada. Here again, this factor weighs heavily in favor of transfer of this case to the District of Nevada.

### 7. Familiarity of Each Forum.

Both the Northern District of California and the District of Nevada will apply the same law in this case. Both presumably are equally familiar with the applicable law. This factor does not weigh in favor of transfer or keeping the case in the Northern District of California.

### 8. Relative Court Congestion.

Relevant evidence regarding the congestion in district courts may be extracted from public websites that publish statistics. *See, e.g.*, *Gelber v. Leonard Wood Memorial For Eradication of Leprosy,* 2007 WL 1795746, *5 (N.D.Cal. 2007). Statistics dealing with the time from filing a complaint to the time of disposition in the various federal district courts can be found on the following address: http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf.[1]

---

[1] The website address for U.S. Courts statistics regarding caseloads in the various districts is http://www.uscourts.gov/caseloadstatistics.html. From this page, one may choose to access statistics for the U.S. Courts for the past seven years. Accessing the tables for 2007 will direct the search to http://www.uscourts.gov/caseload2007/contents.html. This address provides a number of tables regarding the relative

According to the statistics on the U.S. Courts website, the time for processing a case in the Northern District of California in the twelve-month period ending March 2007 is slightly higher than that of the District of Nevada. For example, the median time for disposition of all cases in the Northern District of California was 6.1 months while the median time for disposition of all cases in the District of Nevada was 10.0 months. The 3.9 month differential simply is not significant enough to establish a preference for the Northern District of California.

C.   **CONCLUSION**

The court should decline to exercise equitable jurisdiction, and this case should be dismissed.  Alternatively, this case should be transferred to the District of Nevada for the convenience of the parties, for the convenience of witnesses, because of the ease of access to proof, because of the local interests of Nevada in the forfeiture, and in the interests of justice.

Dated: April 16, 2008              Respectfully submitted,

                                   JOSEPH P. RUSSONIELLO
                                   United States Attorney


                                   /s/_____
                                   DAVID B. COUNTRYMAN
                                   Assistant United States Attorney

---

congestion of the district courts in the twelve-month period ending March 31, 2007. Choosing table C-5 provides access to http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf , a table setting out the statistics identified above.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
C 07-05501 MEJ                                                                                    6