JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
Fax: (415) 436-6748
E-mail: david.countryman@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE FARIAS HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION (DEA)<br><br>　　　　　　Defendants. | **No. C07-05501 MEJ**<br><br>DEFENDANTS' REBUTTAL IN SUPPORT OF ITS MOTION TO DISMISS<br><br>Date: June 5, 2008<br>Time: 10:00 a.m.<br>Place: Honorable Maria Elena James, 15th Floor |

**A.　THE COURT SHOULD DECLINE TO EXERCISE GENERAL EQUITABLE JURISDICTION BECAUSE PLAINTIFF HAS NOT DEMONSTRATED AN INADEQUATE REMEDY AT LAW.**

Plaintiff correctly cites *United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983) for the proposition that a court has the equitable power to order the return of property. However, Plaintiff fails to demonstrate that the civil forfeiture complaint currently pending in the District of Nevada provides an inadequate remedy at law. Plaintiff argues, without authority, that the burdens of proof and persuasion outlined in *Austin v. United States*, 509 U.S. 602 (1993), are insufficient to protect an innocent owner's interest. Pl.'s Opp'n 2:18 - 4:1. However, contrary to Plaintiff's assertion, both pre and post-*Austin*

1  Ninth Circuit opinions have held that civil forfeiture proceedings provide an adequate remedy at law
2  where the claimant was provided with adequate notice of the proceeding.  *United States v. Ritchie*, 342
3  F.3d 903, 907 (9th Cir. 2003) ("where a claimant has received adequate notice of an earlier
4  administrative forfeiture proceeding, and thus has had an adequate remedy at law, the district court
5  should deny a subsequent Rule 41[(g)] motion"); *United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir.
6  Cal. 1993) *citing United States v. U.S. Currency, $ 83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).
7  Moreover, even if the civil asset forfeiture procedures in effect in 1993 did not provide an adequate
8  remedy, the passage of the Civil Asset Forfeiture Reform Act ("CAFRA") greatly increased the
9  protections afforded innocent owners.  Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185,
10 § 3, 114 Stat. 202, 211.  Because the pending civil forfeiture action provides Plaintiff with an adequate
11 remedy at law to address his claim to the seized funds or any alleged constitutional violations, this court
12 should decline to exercise equitable jurisdiction.

**B.     BECAUSE THE PROPERTY WAS SEIZED IN NEVADA, PLAINTIFF CANNOT FILE A RULE 41(g) MOTION IN THE NORTHERN DISTRICT OF CALIFORNIA.**

15     Plaintiff appears to allege in his opposition that his Complaint for Equitable Relief should be
16 interpreted as a motion for return of property made pursuant to Federal Rule of Criminal Procedure
17 41(g). Pl.'s Opp'n 3:25 - 4:1.  However, a Rule 41(g) motion "must be filed in the district where the
18 property was seized." Fed. R. Crim. P. 41(g).  Because the property at issue was seized in Nevada, this
19 court lacks jurisdiction under Rule 41(g).

21 Dated: May 19, 2008                    Respectfully submitted,

22                                        JOSEPH P. RUSSONIELLO
                                         United States Attorney

25                                        /s/
                                         DAVID B. COUNTRYMAN
                                         Assistant United States Attorney

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
C 07-05501 MEJ                                                                                        2