United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FARIAS HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION (DEA),<br><br>    Defendants._____/ | No. C 07-05501 MEJ<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS**<br><br>**ORDER TRANSFERRING CASE** |

## I.  INTRODUCTION

Before the Court is Defendants United States of America, U.S. Department of Justice, and Drug Enforcement Administration's (collectively, "Defendants") Motion to Dismiss. (Dkt. #14.) Plaintiff Jose Farias Hernandez has filed a Response (Doc. #16), to which Defendants filed a Rebuttal (Dkt. #17). After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby DENIES IN PART AND GRANTS IN PART Defendants' Motion for the reasons set forth below.

## II.  BACKGROUND

On October 29, 2007, Plaintiff initiated this action by filing a "Complaint for Equitable Relief[,] Declaratory and Injunctive" (Dkt. #1). In his Complaint, Plaintiff alleges that, on October 4, 2007, he was driving in Elko, Nevada, when a Nevada Highway Patrol officer stopped him for a routine traffic stop. (Compl. at 5.) The officer then searched the vehicle, including a closed briefcase in the back seat. (*Id*.) In the briefcase, the officer found approximately $325,000 in U.S.

1  currency (the "currency"), which the Nevada Highway Patrol seized pursuant to an evidence
2  impound. (*Id*.) Thereafter, the Nevada Highway Patrol turned the seized currency over to
3  Defendant Drug Enforcement Administration. (*Id*.) Plaintiff alleges that he lawfully possessed the
4  currency and is entitled to its return. (*Id*.)

5  In his Complaint, Plaintiff asserts claims for violation of procedural and substantive due
6  process, violation of the Equal Protection Clause, unlawful taking, violation of the Fourth
7  Amendment, violation of the Eighth Amendment, and violation of Article 36 of the Vienna
8  Convention. Based on these claims, Plaintiff requests that the Court grant him both declaratory and
9  injunctive relief. Specifically, Plaintiff seeks declaratory relief in the form of a ruling from this
10 Court that: (1) the federal forfeiture statutes as applied to him are unconstitutionally vague and
11 overbroad and; (2) the federal forfeiture act violates Plaintiff's rights under the Fourth, Fifth, Eighth,
12 and Fourteenth Amendments. (*Id*. at 2.) Plaintiff also seeks injunctive relief in the form of a ruling:
13 (1) directing the government to release the currency to Plaintiff; (2) enjoining Defendants from
14 continued taking of the currency; and (3) requiring Defendants to file any forfeiture action in the
15 Northern District of California and not in the District of Nevada. (*Id*. at 2-3.) Alternatively,
16 Plaintiff seeks a ruling: (1) ordering Defendants to turn over the currency to the court trustee,
17 monitor, or receiver of the Northern District of California; and (2) staying any forfeiture proceedings
18 in Nevada pending the outcome of this case. (*Id*. at 3.) Finally, Plaintiff requests that the Court
19 order Defendants to release some funds from the currency for his attorneys fees and litigation costs
20 associated with this action. (*Id*.)

21 On February 11, 2008, the United States filed a verified Complaint for Forfeiture *in Rem* in
22 the United States District Court, District of Nevada (the "judicial forfeiture action"). That case is
23 captioned, *United States v. $234,1000.00 in United States Currency*, No. 3:08-cv-0071-ECR-VPC
24 (D. Nev.)[1] The judicial forfeiture action involves the same currency that is the subject of the instant

---

[1] On February 13, 2009, Defendants filed a Request for Judicial Notice and attached a copy of Notice of the Judgment of Forfeiture entered in the judicial forfeiture action. (Dkt. #20.) On February 17, 2009, this Court granted the Defendants' Request for Judicial Notice. (Dkt. #22.)

action. On October 1, 2008, the Nevada District Court entered Judgment of Forfeiture in the judicial forfeiture action. (*Id*.)

### III.   DISCUSSION

In their Motion, Defendants request that the Court dismiss this action based on lack of subject matter jurisdiction. Alternatively, Defendants request that the Court transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a).

**A.   Subject Matter Jurisdiction**

Defendants first argue that, because the judicial forfeiture action in Nevada provides an adequate remedy at law for Plaintiff to challenge any alleged constitutional violations and litigate his claim to the currency, this Court should decline to exercise equitable jurisdiction and dismiss this action. (Mot. at 2.) Plaintiff, however, urges the Court to exercise its equitable power so that he has a chance to litigate his constitutional challenges to the federal forfeiture laws and the seizure of his property.

Although the Court agrees with Defendants that the forfeiture action in the District of Nevada provides an adequate forum for Plaintiff to raise his challenges, as explained more fully below, because the Court finds that transfer of this action is appropriate, the Court DENIES Defendants' request to decline jurisdiction in this matter.

**B.   Request to Transfer**

Should the Court deny their request to dismiss this action, Defendants request that the Court transfer the action pursuant to 28 U.S.C. § 1404(a) to the District of Nevada because the currency that Plaintiff claims a right to, and the seizure which forms the basis of this case, is subject to a judicial forfeiture action in that district. Plaintiff opposes the transfer, arguing that this is the proper forum and that it would be inconvenient to litigate this matter in Nevada.

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision whether to grant a motion to transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Vantress v.*

*Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007), *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). As the party requesting transfer, Defendants bear the burden of proving that the District of Nevada is the more appropriate forum for the action. *Id*. at 499. Toward this end, Defendants must establish: (1) that the transferee court is one where the action might have been brought; and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *See* 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

### 1. The Transferee Forum

The Court must first assess whether the District of Nevada is a forum where this action might have been brought. This requires that the transferee court: (1) have personal jurisdiction over all defendants, (2) have subject matter jurisdiction, and (3) be a proper venue for the action. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)*;Williams v. Bowman*, 157 F. Supp. 2d 1103, 1105 (N.D. Cal. 2001). These requirements would be satisfied in this case pursuant to Federal Rule of Criminal Procedure 41(g), which authorizes a person aggrieved by an unlawful search and seizure property to file a motion seeking the return of the property.[2] However, even if Plaintiff does not seek to have the Court treat his Complaint as a Rule 41(g) motion, the District of Nevada would still be a forum where Plaintiff might have brought this action. Like this Court, the federal district court

---

[2]This Rule, in its entirety, provides:

**(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "Although Rule 41(g) is ordinarily used to seek return of property after an indictment is issued, 'district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant.'" *U.S. v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting *Ramsden v. U.S.*, 2 F.3d 322, 324 (9th Cir. 1993)). These motions are treated as civil equitable proceedings. *Id*. In his Opposition brief, Plaintiff cites case law relating to 41(g) motions. Thus, it appears that Plaintiff seeks to have his Complaint construed as a 41(g) motion. Notably, Rule 41(g) requires that such an action be filed "in the district where the property was seized."

1 in Nevada would have the discretion to exercise equitable jurisdiction over Plaintiff's action. With
2 respect to venue, 28 U.S.C. §1391(e)(2) authorizes a civil action in which the United States and its
3 agencies are defendant to be brought in any judicial district in which a substantial part of the events
4 or omissions giving rise to the claim occurred. Because the Nevada Highway Patrol officers seized
5 the currency from Plaintiff in Elko, Nevada, Plaintiff could properly lay venue in the District of
6 Nevada. Further, there is no apparent barrier to personal jurisdiction over the Defendants in Nevada.
7 Accordingly, the Court finds that Plaintiff might have brought this suit in the District of Nevada.
8 The Court thus turns to the second part of the analysis under § 1404(a).

2. <u>The Convenience of the Parties and the Interest of Justice</u>

In evaluating whether transfer serves the convenience of the parties and promotes the interest of justice, courts consider the following factors: (1) the state that is most familiar with the governing law, (2) the plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (7) ease of access to sources of proof." *Jones*, 211 F.3d at 498. Applying the aforementioned factors to the instant case, the Court finds that they weigh in favor of transfer to the District of Nevada.

a. *The State Most Familiar with the Governing Law*

Both this Court and the federal district court in Nevada are equally familiar with the federal law which forms the basis of Plaintiff's requests for declaratory and injunctive relief. Thus, this factor is neutral.

b. *Plaintiff's Choice of Forum*

Although courts generally accord a plaintiff's choice of forum substantial weight, it "is not the final word." *Pac. Car and Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968). In deciding the weight to be given to plaintiff's choice, "consideration must be given to the extent both of the defendant's business contacts within the chosen forum and of the plaintiff's contacts, including those relating to his cause of action." *Id.* "If the operative facts have not occurred within the forum of

original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Id.;see also Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) (same). Further, the plaintiff's choice of forum is accorded less weight when the plaintiff has commenced the action in a forum that is not his residence. *See New Image, Inc. v. Travelers Indemn. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999).

Under the general rule, this Court would accord Plaintiff's choice of the Northern District substantial weight. However, a closer examination leads the Court to deviate from this presumption. First, Plaintiff has not alleged that he resides within this district. In his Opposition, Plaintiff does assert that he has a "claim of residence in Napa County," which is located within this District. (Opp. at 4.) However, Plaintiff bases this "claim of residence" on the fact that he "has spent [a] considerable amount of time in Napa County," and because he has friends and family in Napa County. (*Id.*) The Court is unconvinced that thus is tantamount to Plaintiff residing there.

Further, based on the pleadings, it does not appear that any of the operative facts occurred in this forum or that the Northern District has any connection to the parties or the subject matter involved in this action. It is undisputed that the seizure of the currency occurred in Nevada. The officers that effected the stop, search, and seizure were Nevada Highway Patrol officers. Following these events, the judicial forfeiture action concerning the currency was filed in the federal district court in Nevada. Thus, there is no obvious connection to this judicial district.

As the this discussion illustrates, Plaintiff has only a casual connection to Northern California, the operative facts of this case did not occur within the Northern District of California, and there are no facts suggesting that this district has any interest in the parties or the subject matter of Plaintiff's case. Consequently, the Court is compelled to find that Plaintiff's choice of forum is entitled to minimal consideration.[3]

---

[3]Plaintiff asserts that under the first-to-file rule, this case should be allowed to proceed in the Northern District. (Opp. at 5-6.) The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving

c.   *The Parties' Respective Contacts with the Forum*

Based upon Plaintiff's Complaint and his Opposition, Plaintiff has had little contact within the Northern District of California. As indicated above, Plaintiff indicates that he has spent considerable time in Napa County, California, and that he has friends and family there. Plaintiff also indicates that he engaged in legitimate business transactions in Napa County, although he does not provide any detail concerning the nature of those business dealings. With respect to Defendants' contacts, because Plaintiff has named two federal agencies, it can be presumed that both the Department of Justice and the Drug Enforcement Administration have contacts with the Northern District of California. Even considering that federal agencies' presence in Northern California, because Plaintiff lacks any significant contacts with Northern California, this factor only weighs slightly in Plaintiff's favor.

d.   *Contacts Relating to the Plaintiff's Cause of Action in this Forum*

Based on the documents before the Court, there does not appear to any contacts in this forum that directly relate to the instant action. As indicated above, seizure of the currency occurred in Nevada and the District of Nevada is presiding over the judicial forfeiture action relating to the currency. This factor thus weighs in favor of transferring the action.

e.   *Differences in the Cost of Litigation in the Two Forums*

Based on the information before the Court, there does not appear to be any significant difference in the cost Plaintiff would face if he had to pursue this action in the District of Nevada, as opposed to the Northern District of California. Plaintiff has indicated that he has spent a considerable amount of time in Napa County, California, and that he has friends and family there. However, because Plaintiff, himself, does not reside in Napa County, there is nothing to suggest that

---

the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Plaintiff's argument, however, is unavailing. Even assuming the doctrine has any application in this case, courts have recognized an exception to the doctrine when "the balance of convenience weighs in favor of the later filed action." *Ward v. Follett Corp.*, 158 F.R.D. 645, 658 (N.D. Cal. 1994). This is analogous to the "convenience of the parties and witnesses" under a transfer of venue motion pursuant to § 1404(a). *See Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999). Thus, because the Court finds in this Order that the convenience factors support transfer, it would also support an exception to the first-to-file rule.

Plaintiff will incur greater costs and expenses, including travel expenses, if required to litigate this matter in Nevada. This factor is therefore neutral.

        f. *Availability of Compulsory Process to Compel Attendance of Unwilling Non-party Witnesses*

  In his Opposition, Plaintiff indicates that his friends and family in Napa County would be witnesses in this action. He also indicates that the Mexican Consulate is located in San Francisco and that he has contacted the Consulate about being a witnesses in this action. However, the likely *unwilling non-party witnesses* would be the Nevada Highway Patrol officers who stopped and detained Plaintiff and conducted the search of his vehicle which led to the seizure of the currency. The Court therefore finds that this factor favors transfer.

        g. *Ease of Access to Sources of Proof*

  Because the majority of Plaintiff's claims are purely legal challenges to federal laws, it is unclear what tangible evidence Plaintiff will need to support his claims. To the extent that Plaintiff is challenging the constitutionality of the search and seizure, the evidence relating to that incident, particularly, the officers, police reports, and forfeiture case file, are all located in Nevada. Thus, this factor weighs in favor of transfer.

  3. <u>Balancing of the Transfer Factors</u>

  Taking each of the foregoing factors into consideration, the Court finds that, on balance, the factors favor transfer. Both this Court and the District of Nevada are familiar with the governing law in this matter. Because Plaintiff does not reside in this District and has little connection to it, his choice of this forum is entitled to only minimal weight. The events that gave rise to Plaintiff's claims arose wholly in Nevada. While Plaintiff has indicated that some of his likely witnesses are located in Northern California, the likely unwilling non-party witnesses who were directly involved with the seizure of the currency are in Nevada. Likewise, the documentary evidence and court records pertaining to the seizure and forfeiture of the currency are in Nevada. There is no indication that Plaintiff will incur greater costs if required to litigate this matter in Nevada. Further, the currency is already the subject of a judicial forfeiture proceeding in Nevada. Thus, transfer of this

action to the judicial district that has handled the forfeiture action not only promotes judicial efficiency, but prevents the possibility of inconsistent judgments. Accordingly, the Court finds that transfer to the District of Nevada is appropriate.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (Dkt. #14) as follows: The Court **DENIES** Defendants' request to dismiss this action for lack of subject matter jurisdiction. The Court **GRANTS** Defendants' request to transfer this matter to the District of Nevada pursuant to 28 U.S.C. § 1404(a). The Clerk of Court is directed to close the file and send any further documents received from the parties to the U.S. District Court for the District of Nevada.

**IT IS SO ORDERED.**

Dated: March 13, 2009

MARIA-ELENA JAMES
United States Magistrate Judge